## IN THE UNITED STATED DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| HOSHIZAKI AMERICA, INC. and HOSHIZAKI NORTHEASTERN DISTRIBUTION CENTER, INC., | |
|      Plaintiffs, | CIVIL ACTION NO.: _____ |
| v. | |
| AUTOMATIC ICE MAKER COMPANY, | |
|      Defendant. | |

## COMPLAINT

Plaintiffs Hoshizaki America, Inc. ("Hoshizaki America") and Hoshizaki Northeastern Distribution Center, Inc. ("Distribution Center", and collectively with Hoshizaki America, "Hoshizaki" or "Plaintiffs") file this *Complaint* (the "Complaint") for damages against Defendant Automatic Ice Maker Company ("AIM" or "Defendant"), respectfully showing this Court as follows:

### Parties, Jurisdiction, and Venue

1.     Hoshizaki America is a corporation organized and existing under the laws of the state of Georgia with its principal place of business in Fayette County, Georgia.

2.     Distribution Center is a corporation organized and existing under the laws of the state of Georgia with its principal place of business in Fayette County, Georgia.

3.     AIM is a corporation organized and existing under the laws of the state of New Jersey with its principal place of business in Middlesex County, New Jersey.

4.     Venue is appropriate in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1391(a) and LR 3.1 (B)(1)(a), N.D. Ga.

5.     Jurisdiction and venue are also proper in this Court pursuant to the forum selection clause contained in Section 25 of the Agreement (defined below).

## Facts

6.     On or about January 1, 2019, AIM and Hoshizaki entered into that certain 2019 Distributor Agreement (the "Agreement") whereby Hoshizaki agreed to, *inter alia,* sell to AIM certain food service equipment as more particularly described in the Agreement ("Products") and granted AIM a non-exclusive license to use certain Hoshizaki trademarks during the term of the agreement.

7.     A true and correct copy of the Agreement is attached hereto as **Exhibit A** and incorporated by reference.

8.     AIM and Hoshizaki performed under the Agreement from its effective date through April 2020.

9.      Starting in May 2020, AIM purchased Products from Hoshizaki without paying for those products in full.

10.     AIM placed orders for Products in May, June, July, August, September, October and November of 2020 and January of 2021 while carrying a significant outstanding balance.

11.     AIM has not paid anything to Hoshizaki under the terms of the Agreement since September of 2020.

12.     Accordingly, on or about February 19, 2021, Hoshizaki sent a letter to AIM notifying it of its defaults under the Agreement and Hoshizaki's intent to terminate the Agreement for cause (the "Notice of Default").

13.     A true and correct copy of the Notice of Default is attached hereto as **Exhibit B** and incorporated by reference.

14.     In the Notice of Default, Hoshizaki informed AIM, among other things, that it was reserving its contractual rights to repurchase any and all Products in AIM's possession subject to repurchase under the terms provided in Section 18 of the Agreement.

15.     AIM failed to pay all amounts owed under the Agreement following service of the Notice of Default.

16.     Accordingly, Hoshizaki intends to terminate the Agreement for cause and exercise its rights to repurchase the Products in AIM's possession that may be subject to repurchase and as permitted under Section 18 the Agreement.

17.     The repurchase price for any such Products (including Parts, as defined under the Agreement) shall be calculated consistent with Section 18 of the Agreement, and may be credited toward the balance outstanding and owed by AIM under the Agreement.

18.     Under Section 16.3 of the Agreement, termination of the Agreement does not release AIM from the payment of any sum then or thereafter owing to Hoshizaki.

19.     A summary of AIM's outstanding debt as of January 31, 2021 is as follows:

| Period | Sales Orders | Paid | Outstanding |
|---|---|---|---|
| May 2020 | $ 210,154.11 | 24,437.10 | 185,717.01 |
| June 2020 | 391,760.95 | 41,732.39 | 350,028.56 |
| July 2020 | 172,743.42 | 57,455.43 | 115,287.99 |
| August 2020 | 776,820.22 | 217,111.42 | 559,708.80 |
| September 2020 | 469,195.58 | 83,420.91 | 385,774.67 |
| October 2020 | 103,678.43 | - | 103,678.43 |
| November 2020 | 1,122.24 | - | 1,122.24 |
| December 2020 | - | - | - |
| January 2021 | 15.75 | - | 15.75 |
| **TOTAL** | **$ 2,125,490.70** | **424,157.25** | **1,701,333.45** |

20.     As of the date of this Complaint, AIM has not paid the amounts owed under the Agreement nor allowed Hoshizaki to exercise its other contractual remedies.

## COUNT I – BREACH OF CONTRACT – UNIFORM COMMERCIAL CODE

21.     The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

22.     The Agreement is a valid and enforceable contract between Hoshizaki and AIM under Georgia's codification of the Uniform Commercial Code.

23.     Hoshizaki fully performed its obligations under the Agreement.

24.     Under the Agreement, AIM agreed to "pay the purchase price for the Products to [Hoshizaki]."

25.     AIM breached the Agreement by failing to pay to Hoshizaki all amounts due by AIM under the Agreement.

26.     Hoshizaki was damaged as a result of the breach of contract described above.

27.     Hoshizaki is entitled to pursue its remedies under the Agreement and under O.C.G.A. § 11-2-703.

28.     Among other things, Hoshizaki is entitled to recover from AIM the price of the Products accepted and for any other goods identified to the Agreement,

including but not limited to, the amount due and payable as of January 1, 2021 in the total amount of $1,701,333.45, plus applicable late charge fees and attorneys' fees to the fullest extent permitted under the Agreement and applicable law.

## COUNT II – BREACH OF CONTRACT – COMMON LAW

29.   The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

30.   The Agreement is a valid and enforceable contract between Hoshizaki and AIM.

31.   Hoshizaki fully performed its obligations under the Agreement.

32.   Under the Agreement, AIM agreed to "pay the purchase price for the Products to [Hoshizaki]."

33.   AIM breached the Agreement by failing to pay to Hoshizaki all amounts due by AIM under the Agreement.

34.   Hoshizaki was damaged as a result of the breach of contract described above.

35.   Hoshizaki is entitled to recover from AIM all amounts due, owing, and accruing under the Agreement, and applicable law, including but not limited to, the amount due and payable as of January 1, 2021 in the total amount of $1,701,333.45,

and such further late charge fees, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

## COUNT III – SPECIFIC PERFORMANCE

36.    The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

37.    The Agreement is a valid and enforceable contract between Hoshizaki and AIM.

38.    Hoshizaki fully performed its obligations under the Agreement.

39.    Under the Agreement, AIM agreed that upon termination of the Agreement, Hoshizaki could "repurchase . . . [a]ll new, undamaged, and saleable Products . . . then unsold on hand in [AIM's] possession. . . ."

40.    Hoshizaki intends to terminate the Agreement by written notice pursuant to the terms of the Agreement.

41.    Money damages, if AIM is unable or unwilling to pay the outstanding amounts in full, are not an adequate remedy for breach of the Agreement.

42.    Hoshizaki is entitled to entry of an order compelling specific performance in its favor and against AIM, and requiring AIM to facilitate and effect a repurchase from AIM all Products in its possession as of the date of this Complaint

subject to repurchase under the Agreement and on the terms as stated in the Agreement.

**COUNT IV – ATTORNEYS' FEES AND COSTS**

43.     The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

44.     Pursuant to the Agreement, AIM is required to pay Hoshizaki all costs, including reasonable attorneys' fees and expenses, incurred by Hoshizaki in enforcing performance or collecting any payments due under the Agreement.

**WHEREFORE**, Plaintiffs respectfully requests that the Court grant judgment in its favor and against Defendant, as follows:

(i)     As to Count I:  Judgment for breach of the Agreement in the amount of the price of the Products accepted and any other goods identified to the Agreement, including but not limited to, the amount due and payable as of January 1, 2021 in the total amount of $1,701,333.45, plus applicable late charge fees and attorneys' fees to the fullest extent permitted under the Agreement and applicable law;

(ii)    As to Count II:  Judgment for breach of the Agreement in the total amount of $1,701,333.45 as of January 31, 2021, plus such further late charge fees,

expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the Agreements;

(iii)    As to <u>Count III</u>:  Entry of an order compelling specific performance in Hoshizaki's favor and against AIM, and requiring AIM to facilitate and effect a repurchase from AIM all Products in its possession as of the date of this Complaint subject to repurchase under the Agreement and on the terms as stated in the Agreement;

(iv)    As to <u>Count IV</u>: an award of Hoshizaki's reasonable attorneys' fees and expenses; and

(v)    For such other and further relief as this Court deems just, proper, and equitable.

Respectfully submitted this 19th day of February 2021.

*/s/ Sean A. Gordon*
Sean A. Gordon
Georgia Bar No. 777350
Austin B. Alexander
Georgia Bar No. 926059

**THOMPSON HINE LLP**
Two Alliance Center, Suite 1600
3560 Lenox Road
Atlanta, Georgia 30326
Telephone: 404-541-2900
Facsimile:  404-541-2905
<u>sean.gordon@thompsonhine.com</u>
<u>austin.alexander@thompsonhine.com</u>

*Attorneys for Plaintiffs*
*Hoshizaki America, Inc. and*
*Hoshizaki Northeastern*
*Distribution Center, Inc.*

## **CERTIFICATE OF COUNSEL REGARDING FONT SIZE**

Counsel certifies that the foregoing has been prepared using Times New

Roman font size 14 in accordance with Local Rules 5.1(C)(3) and 7.1(D).

Dated:  February 19, 2021.

/s/ Sean A. Gordon
Sean A. Gordon
Georgia Bar Number: 777350