UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| HOSHIZAKI AMERICA, INC. and HOSHIZAKI NORTHEASTERN DISTRIBUTION CENTER, INC.,<br><br>Plaintiffs,<br><br>v.<br><br><br>AUTOMATIC ICE MAKER COMPANY,<br><br>Defendant. | CASE NO.: 3:21-cv-00022-TCB |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS, OR ALTERNATIVELY, TO STAY
PROCEEDINGS AND TO COMPEL ARBITRATION

## I. Introductory Statement

In their Complaint, Plaintiffs allege that Automatic Ice Maker Company (AIM) breached a written distribution agreement and that on the basis of such breach, Plaintiffs terminated. Under the same agreement, however, and as to these very issues, Plaintiffs provided for mandatory arbitration: they agreed to arbitrate "all controversies…arising out of or relating to this Agreement or any modification, *breach or cancellation thereof*." (Doc. 1, Ex. A, § 25 (emphasis added).) Further, because AIM disputes both claims – that there was a proper cancellation

1

and that any breach of the Distributor Agreement did or could have occurred – it has already initiated arbitration. Therefore, this case should be dismissed under Fed. R. Civ. P. 12(b)(3) for improper venue or, in the alternative, stayed as provided by the Federal Arbitration Act pending the outcome of the pending arbitral proceeding.

## II.   Factual and Procedural Background

**A.   *The Distribution Agreement***

Plaintiffs entered into a Distributor Agreement with AIM in 2019 under which AIM had the non-exclusive right in a specified area of New Jersey to sell Hoshizaki-branded refrigeration products and parts. (Doc. 1, Ex. A, § 2.1.) The agreement had an original term of one year, and therefore, would expire on its own terms on December 31, 2019 unless Hoshizaki provided notice *before the term ended* that it desired to extend the Agreement. (*Id.*, §§ 14.1 and 14.2.)

To say the least, the parties' relationship has cooled. AIM contends that Hoshizaki, failed to provide that notice and that the Agreement therefore expired as of January 1, 2020; Plaintiffs are now claiming it was in effect through 2021 and that they terminated it for alleged breach. (*Id.* ¶ 12 and Ex. B (Defs.' letter purporting to terminate the Agreement.)

But Court does not need to decide or even evaluate these issues, because the Distributor Agreement contains an arbitration clause explicitly referencing disputes about both termination and breach:

> All controversies, except as to any payment due from Distributor to Hoshizaki, arising out of or relating to this Agreement or any modification, *breach or cancellation* thereof, shall be settled by arbitration in the City of Atlanta, in accordance with the rules then in effect of the American Arbitration Association, and the arbitral award shall be final, binding, and conclusive on the parties hereto and their respective heirs, executors, administrators, legal representatives, successors, and assigns. Judgment on any such award may be entered in any court of competent jurisdiction. Any controversy as to any payment due from Distributor to Hoshizaki may, at Hoshizaki's option, be submitted to arbitration in like manner.

(Doc. 1, Ex. A at § 25 (emphasis added).)

**B.** *The Pending Arbitration Proceeding*

Given Plaintiffs' position, and in accordance with Paragraph 25, AIM filed a Demand for Arbitration with the American Arbitration Association ("AAA") on April 8, 2021 seeking declaratory relief regarding the parties' respective rights under the Distributor Agreement, including when the Agreement's term ended and whether any breach occurred. (*See* AIM Arbitration Demands to Hoshizaki

America and Hoshizaki Distribution Dated April 8, 2021, attached hereto as Exhibit A.1 and A.2.)[1]

That forum – in arbitration governed by AAA rules – is where all of Plaintiffs' claims should have been asserted, and where they must be asserted now. AIM therefore seeks an order either dismissing Plaintiffs' claims or, in the alternative, staying these proceedings pending the outcome of the arbitration.

### III. Argument and Citation to Authority

**A**.   *Scope of Review*

The current dispute between the parties is governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, which establishes a "liberal federal policy favoring arbitration agreements." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985) (discussing "strong presumption in favor of freely negotiated contractual choice-of-forum provisions," buttressed by "emphatic federal policy in favor of arbitral dispute resolution").

Normally, in applying this strong presumption, and enforcing this liberal policy, the district court looks to (a) whether the parties entered into an enforceable written arbitration agreement and (b) whether the claims at issue fall within the

---

[1]   Except for the respondent-company to which it pertains, each form of demand at Exhibits A.1 and A.2 is the same.

scope of that agreement. If both showings are made, the court is required to either dismiss or stay the lawsuit and to compel arbitration. *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (reversing denial of motion to compel arbitration.)

Here, the Court's task is even more streamlined, because the very determination of the arbitration clause's validity and scope is committed, under the AAA rules, to the arbitral tribunal. *See* AAA Commercial Rule 7(a) ("The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim."). Commercial Arbitration Rules and Mediation Procedures, https://adr.org/sites/default/files/CommercialRules_Web.pdf (last accessed April 13, 2021). *See also Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'Ship*, 432 F.3d 1327, 1332 (11th Cir. 2005) ("By incorporating the AAA Rules, including Rule 8, into their agreement, the parties clearly and unmistakably agreed that the arbitrator should decide whether the arbitration clause is valid.") For example, application of exception language in the arbitration clause ("except as to any payment due from Distributor to Hoshizaki"), to the extent raised, would be for arbitral, not judicial, resolution. This Court need only review the arbitration clause – the validity of which AIM does not believe Plaintiffs contest in any case – to

determine that arbitration must be compelled. *Lambert,* 544 F.3d at 1195 (reversing denial of motion to compel arbitration). In disposing of this action, the Court may then either dismiss it, or stay it pending resolution of the arbitration.

    **B.**    *Because Plaintiff Agreed to Arbitration, the Complaint Should Be Dismissed for Improper Venue.*

The Court should dismiss the action under Fed. R. Civ. P. 12(b)(3), which in the Eleventh Circuit, is the preferred remedy for failure to abide by a contractual choice of forum. *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1332 (11th Cir. 2011) ("in the context of a forum-selection clause…a motion pursuant to Rule 12(b)(3) is the proper avenue for relief."). And as the Supreme Court has held, an arbitration clause is just a species of forum-selection clause. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519, 94 S. Ct. 2449, 2457, 41 L. Ed. 2d 270 (1974) ("An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute."); *see also Cunningham v. Fleetwood Homes of Georgia, Inc.*, 253 F.3d 611, 617 (11th Cir. 2001) (citing *Sherck* and determining "[a]greements to arbitrate are essentially forum-selection clauses").

Because Plaintiffs are in the wrong forum to raise their claims of breach, this action should be dismissed. Practically speaking, this remedy is preferable, as Plaintiffs can raise their claims in the pending arbitration initiated by AIM, *see* Ex. B. It also serves the interests of efficiency; a determination that the Agreement expired as of January 1, 2020 and that no breach existed will moot every claim and count of the Complaint. Again, however, the court does not need to and should not determine issues of scope or merits. Those are reserved for the arbitral tribunal, and this action should therefore be dismissed, and Plaintiffs be compelled to participate in the pending arbitration.

    **C.**    *If the Complaint Is Not Dismissed for Improper Venue, It Should Be Stayed Pending Resolution of the Pending Arbitration.*

Should this Court decline to dismiss Plaintiffs' Complaint, AIM respectfully requests that the Court put this action in deep freeze. Under Section 3 of the FAA,

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

7
16422787v2

9 U.S.C. § 3. This language of the FAA is mandatory and does not provide for the exercise of any discretion…the Court *must* stay the proceedings. *See JPay, Inc. v. Kobel*, 904 F.3d 923, 929 (11th Cir. 2018) ("Where the parties have agreed to arbitrate their dispute, the job of the courts -- indeed, the obligation -- is to enforce that agreement."). Therefore, should this Court decline to dismiss for improper venue, the action must be stayed, and Plaintiffs be compelled to participate in the pending arbitration.

## IV. **Conclusion and Request for Relief**

Given the arbitration clause at Section 25 of the Agreement, which incorporates AAA rules requiring arbitrator determination of both merits and jurisdictional issues, AIM respectfully requests that the Court grant AIM's Motion, entering an Order compelling Plaintiffs to participate in the pending arbitration and:

1. Dismissing Plaintiffs' Complaint under Fed. R. 12(b)(3); or
2. Staying this action under 9 U.S.C. §§ 3 until the pending arbitration is resolved.

Respectfully submitted this 13th day of April, 2021.

[*Signature of Counsel Appears on Following Page*]

*/s/ Lindsey E. Hughes*
Andrew B. Flake
Georgia Bar No. 262425
Lindsey E. Hughes
Georgia Bar No. 371291

ARNALL GOLDEN GREGORY, LLP
171 17th Street NW
Suite 2100
Atlanta, GA 30363
Telephone: 404-873-8500
Facsimile: 404-873-8501
Lindsey.hughes@agg.com
Andrew.Flake@agg.com

*Attorneys for Defendant Automatic Ice Maker Company*

## **CERTIFICATE OF COMPLIANCE**

By her signature below, and as required by Local Rule 7.1.D., counsel for Defendant certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1.B, namely, Book Antiqua (13 point).

Respectfully submitted, this 13th day of April, 2021.

*/s/Lindsey E. Hughes*
Lindsey E. Hughes

16422787v2

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing has been filed using the Court's CM/ECF system, which will send a service copy to all counsel of record.

This 13th day of April, 2021.

>*/s/ Lindsey E. Hughes*
>Lindsey E. Hughes
>
>*Attorney for Defendant Automatic Ice Maker Company*

11
16422787v2